## 45769. BAISDEN v. THE STATE.
### (369 SE2d 762)

MARSHALL, Chief Justice.

Bobby Joe Baisden appeals his conviction of the malice murder of Aaron Robert Williams, for which he was sentenced to life imprisonment.[1] We affirm.

---

[1] The crime was committed on May 24, 1982. Baisden was convicted and sentenced on September 3, 1982. The defendant's motion for new trial was filed on September 10, 1982, and denied on March 24, 1988. The transcript of evidence was filed on February 25, 1988. The defendant filed his notice of appeal on April 12, 1988. The appeal was docketed here on

When Baisden and his common-law wife returned home in the evening from a jazz festival, they found the victim, who was Baisden's long-time friend, sitting on their front porch, extremely intoxicated. Because of his drunken condition, the victim was allowed to spend the night on the couch. Drunk again, the next morning, the victim was watching television. Baisden asked him either to be quiet or to leave. The victim replied, "My name is Forty-five, and I'm not going nowhere [sic] until I finish watching this." Baisden got a revolver, returned, and shot the victim once in the head. The victim died of a gunshot wound to his head. Baisden admitted having shot the victim, claiming accident, i.e., that he shot to scare rather than to kill.

1. Construing the evidence in a light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the appellant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his sole enumeration of error, the appellant contends that the court erred in instructing the jury that malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart, which charge, he contends, deprived him of his only defense, accident.

This charge tracks the language of OCGA § 16-5-1 (b) . . . , and similar charges based on this statute have been upheld. See *Hosch v. State*, 246 Ga. 417 (5) (271 SE2d 817) (1980). Moreover, appellant did not except to this charge at trial when asked by the court for objections nor did he reserve his right to do so. *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980).

*Trenor v. State*, 252 Ga. 264, 265 (2) (313 SE2d 482) (1984). *Judgment affirmed. All the Justices concur.*

DECIDED JULY 14, 1988.

*John W. Davis*, for appellant.
*Glenn Thomas, Jr.*, District Attorney, *John B. Johnson III*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Andrew S. Ree*, for appellee.

April 28, 1988, and submitted for decision on June 10, 1988.