A93A0836. HOPKINS v. THE STATE.
(434 SE2d 74)

BLACKBURN, Judge.

Appellant, Marty Raymond Hopkins, appeals his conviction of cruelty to children and the trial court's denial of his motion for new trial. The charge of child cruelty against Hopkins was based on Hopkins' former wife's allegations that Hopkins whipped their three-year-old son Trent with a belt, causing severe bruising on Trent's back, buttocks, and legs.

Hopkins' former wife, Donna Hopkins, testified that although she and Hopkins were divorced in 1987, they were attempting to reconcile in November 1989, and Hopkins had moved into the house in which she and Trent lived. During the night of November 21, 1989, Donna allowed Trent to sleep in her bed, as Hopkins was not at home when Donna went to bed. Donna testified that when Hopkins arrived home and found Trent sleeping in Donna's bed, he became outraged. He yanked Trent out of bed, grabbed a belt from the floor, and took Trent into Trent's bedroom. Thereafter, Donna heard Trent crying

and she went into Trent's bedroom where she saw Hopkins beating Trent with the belt. Donna intervened and stopped Hopkins from continuing the beating because, "he was whipping [Trent] too hard." The next day Donna noticed the bruises on Trent and she refused to let Hopkins take care of Trent while she was at work. Instead, she took Trent to her mother's house, where her mother took pictures of Trent's bruises. The pictures were introduced into evidence during Hopkins' trial.

1. In his first enumeration of error, Hopkins asserts that the evidence was insufficient to enable a rational trier of fact to find him guilty of cruelty to children beyond a reasonable doubt. In order to sustain a conviction for child cruelty, there must be proof beyond a reasonable doubt that Hopkins "maliciously cause[d] a child under the age of 18 cruel or excessive physical or mental pain." OCGA § 16-5-70 (b). Hopkins argues, citing *Caby v. State*, 249 Ga. 32 (287 SE2d 200) (1982), that the statute is not designed to reach legitimate child rearing functions. Therefore, Hopkins argues, because "this case involved bruises only," what occurred falls within "normal discipline" which the statute does not encompass.

Hopkins' argument fails to take into account that the determination of what is cruel or excessive physical or mental pain is to be made by the jury. See *Murray v. State*, 135 Ga. App. 264 (217 SE2d 293) (1975); *Crowe v. Constitution Pub. Co.*, 63 Ga. App. 497 (11 SE2d 513) (1940) (decided under former Code 1933, § 26-8001). In the present case, the jury determined that Hopkins' conduct caused cruel or excessive physical or mental pain to Trent. Having viewed the evidence in the light most favorable to the jury's determination, we conclude that the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), was met.

2. Hopkins next contends that the trial court erred in allowing the State to inject his character into evidence. Hopkins bases this enumeration on Donna's testimony that she was raising Trent by herself and that Hopkins was not providing child support for Trent. We find that, if it was error for the trial court to allow this testimony, it was harmless. The testimony was elicited as background evidence regarding Trent's primary caregivers which included Donna and her mother, but did not include Hopkins. "It is, of course, settled that harmless error will not authorize a reversal by this court." (Citations and punctuation omitted.) *McAlister v. State*, 204 Ga. App. 259, 262 (419 SE2d 64) (1992).

3. In his third enumeration of error, Hopkins argues that the trial court violated his due process rights in failing to allow the cross-examination of Donna's mother, with regard to the nature of her relationship with him. We disagree. The relationship between Hopkins and his former mother-in-law was completely irrelevant to the issue

of whether Hopkins was guilty of cruelty to children. Furthermore, such testimony would have been cumulative, as Hopkins was allowed to testify that he and his former mother-in-law did not get along. "Where there is not a denial altogether of inquiry as to subjects relied on to show bias, the scope and extent of the cross examination for this purpose rests in the sound discretion of the trial court." (Citations and punctuation omitted.) *Weaver v. Ga. Power Co.*, 134 Ga. App. 696, 697 (215 SE2d 503) (1975). We find that the trial court did not abuse its discretion by limiting Hopkins' cross-examination.

4. In Hopkins' last enumeration of error, he contends that the trial court's definition of reasonable punishment was vague and overbroad in violation of the constitutions of the United States and Georgia, in that the jury charge did not provide the jury with sufficient guidance on the difference between reasonable discipline and felony discipline. Although Hopkins states that his enumeration deals with the trial court's "unconstitutionally vague and overbroad jury charge," he primarily argues that OCGA § 16-5-70 is unconstitutional. Hopkins did not argue the constitutionality of the statute at the trial level and, therefore, it is not preserved for appeal. See *Whatley v. State*, 196 Ga. App. 73 (1) (395 SE2d 582) (1990).

Moreover, any assertion of error regarding the trial court's failure to charge on "reasonable discipline" is also without merit. In *Allen v. State*, 174 Ga. App. 206, 208 (329 SE2d 586), cert. denied, 174 Ga. App. 923 (1985), we determined that implicit within the statute defining cruelty to children, was an element of unreasonableness. Therein, we held that it "was not error to fail to charge specifically on reasonable discipline." Id.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 24, 1993 —
RECONSIDERATION DENIED JULY 9, 1993 —

*Alden W. Snead, J. M. Raffauf*, for appellant.
*David McDade, District Attorney, Lois W. Gerstenberger, Assistant District Attorney*, for appellee.