## S93A1097. BRISCOE v. THE STATE.
### (431 SE2d 375)

HUNSTEIN, Justice.

Michael Clinton Briscoe was convicted of two counts of felony murder, two counts of armed robbery, and four counts of aggravated assault. The trial court sentenced Briscoe to two consecutive life imprisonments for the felony murder convictions and additional concurrent sentences on the remaining convictions which had not merged.[1]

1. Viewed to support the verdict, the evidence at trial established that appellant and a co-defendant, armed with assault rifles, approached four men at an apartment complex in Atlanta. The four men were forced to lie on the ground where they were robbed and then shot. Two victims were killed and two survived. Appellant was identified by the two surviving victims and by a witness who observed the incident from a nearby laundry room. The evidence adduced at trial was sufficient to enable a rational trier of fact to find appellant guilty of the offenses charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the armed robbery conviction in Count 3 should also merge with the felony murder conviction. The jury charge and the verdict form both failed to specify whether the armed robbery or the aggravated assault served as the underlying felony. See Dennis v. State, 263 Ga. 257 (430 SE2d 742) (1993). In an instance "where it is unclear which of two or more felonies is the underlying felony for a felony murder conviction, the trial court must merge the most severe (in terms of potential punishment)." Thompson v. State, 263 Ga. 23, 25 (426 SE2d 895) (1993). Inasmuch as the armed robbery is the more severe in terms of potential punishment,[2]

---

[1] The crime occurred on January 28, 1992. Briscoe was indicted in Fulton County on May 29, 1992. A jury found him guilty on September 11, 1992, and he was sentenced the same day. His motion for new trial, filed September 21, 1992 and amended February 25, 1993, was denied March 11, 1993. His notice of appeal was filed on March 16, 1993, and the appeal was docketed in this court on April 19, 1993. Oral arguments were heard on June 21, 1993.

[2] "A person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than five nor more than 20 years . . . ." OCGA § 16-8-41 (b). "[A] person convicted of the offense of aggravated assault shall be punished by imprisonment for not less than one nor more than 20 years." OCGA § 16-5-21 (b).

that offense rather than the aggravated assault must merge with the felony murder conviction. Accordingly, the trial court is hereby ordered to vacate the sentence for armed robbery and merge the conviction with the felony murder conviction; the conviction for aggravated assault which had been merged by the trial court is hereby reinstated with direction that the trial court impose sentence thereon.

3. We have carefully reviewed appellant's remaining enumerations of error and have found them to be without merit.

*Judgment affirmed in part and remanded in part with direction. All the Justices concur.*

DECIDED JULY 15, 1993.

*Steven J. Jackson,* for appellant.

*Lewis R. Slaton, District Attorney, William W. Fincher III, Barry I. Mortge, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Staff Attorney,* for appellee.