## S98A1372. BLACKSTOCK v. THE STATE.
### (506 SE2d 130)

HUNSTEIN, Justice.

Christopher Blackstock was sentenced to life imprisonment for the malice murder of Shannon Morris, ten years for armed robbery, ten years for aggravated assault, and five years for possession of a knife during the commission of the aggravated assault and murder.[1] Finding no reversible error, we affirm.

1. Evidence adduced at trial authorized a jury to find that on the evening of November 18, 1995, Christopher Blackstock robbed and killed Shannon Morris by stabbing Morris nine times. Morris and a friend, Michael Hornsby, had joined Blackstock, Jason Dove (who was carrying a knife that evening), and Terry Lynn Coe after leaving a local club for an evening of partying. Morris and Hornsby had never met Blackstock, Dove, or Coe until that evening. After visiting another club, the intoxicated group of men, traveling in Dove's pickup truck, went to Gwinnett County to buy drugs. On the way, they stopped at a gas station where Dove heard Blackstock tell Coe, "We ought to rob them." The group then drove to a church in a

---

[1] The crimes occurred on November 18, 1995. Blackstock was indicted April 30, 1996 in Gwinnett County. He was found guilty on March 27, 1997 and was sentenced the same day. Blackstock's motion for new trial, filed April 14, 1997 and amended February 13, 1998, was denied February 19, 1998. His notice of appeal was filed March 18, 1998. The appeal was docketed in this Court on May 22, 1998. The case was submitted for decision on the briefs.

secluded area where everyone except Dove exited the truck and discussed who would be left behind while Dove made the drug purchase. Shortly after Blackstock reached into the truck and got Dove's knife, Hornsby heard Blackstock demand that he and Morris "give me all your money." A struggle between Blackstock, Morris and Hornsby ensued, during which Blackstock stabbed Morris several times until Morris fell to the ground. The knife pierced Morris' right lung and heart, causing his death; the knife also pierced Morris' abdomen and resulted in a portion of the victim's small intestines spilling out of his body. After Morris collapsed, Blackstock then attacked Hornsby and stabbed him four times while Coe punched or kicked Morris who was lying on the ground. Hornsby escaped after outrunning Coe and Blackstock. Upon returning to the vehicle, Blackstock took Morris' wallet and Dove heard him say, "I cut [his] guts out." While in custody Blackstock admitted to a fellow inmate that he stabbed Morris. At trial, Blackstock testified that he did not stab Morris and that he saw Coe on top of Morris but thought Coe was only punching Morris in the stomach. Blackstock admitted stabbing Hornsby but testified he did so only after Hornsby initiated the fight and attempted to strangle Blackstock.

This evidence was sufficient to enable a rational trier of fact to find proof of Blackstock's guilt of murder, armed robbery, aggravated assault and possession of a knife during the commission of the crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no reversible error in the trial court's admission at trial of testimony by Dove[2] which had not been disclosed to the defense before trial since Dove's testimony was cumulative of trial testimony given by Hornsby, which had been provided to the defense pursuant to the provisions of the discovery statute. OCGA § 17-16-1 et seq.

3. Blackstock contends the trial court erred by denying his motion for mistrial arising out of the showing to the jury of Blackstock's videotaped statement to police. The transcript reveals that during the course of the videotaped statement, the police interrogator challenged Blackstock's version of the events, confronted Blackstock with the inconsistencies between his statement and those made by other witnesses, and claimed that Coe (Blackstock's co-indictee who did not testify at trial) had told police that it was Blackstock who stabbed Morris. Although defense counsel had reviewed the tape and was familiar with its contents,[3] no objection was made to the officer's

---

[2] Dove testified that prior to the struggle in the church parking lot, Blackstock stated to Hornsby and Morris that "This is a robbery . . . give me the money."

[3] A *Jackson-Denno* hearing regarding the admissibility of the taped statement had been

hearsay comment on the tape until after that portion of the tape was played for the jury.

Assuming, arguendo, that objection was not waived, no reversible error occurred because the evidence was not the statement of the co-indictee but only a brief mention by the officer during Blackstock's interrogation regarding what the officer claimed Coe had said; even if Coe had actually made the statement, it was cumulative of admissions made by Blackstock to Dove and a prison inmate; and the trial court gave curative instructions to the jury.[4] Given the nature of the testimony, the context in which it was presented to the jury, and the extensive curative instructions to the jury, we find that it is highly probable that the error did not contribute to the jury's verdict. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Accordingly, we find no abuse of the trial court's discretion in denying Blackstock's motion.

4. Count Three of Blackstock's indictment charged him with the offense of armed robbery with serious bodily injury under former OCGA § 16-8-41 (b), an offense which was eliminated by the legislature prior to Blackstock's trial. See Ga. L. 1994, p. 1959, § 3, which became effective January 1, 1995. Id. at § 18. The trial court's instructions to the jury regarding Count Three were limited solely to the lesser included offense of armed robbery. Although the jury returned a guilty verdict as to the indicted offense set forth in Count Three rather than the lesser included offense as instructed, the trial court entered judgment only as to the armed robbery offense, which it was authorized to do. OCGA § 17-9-2. See generally *Henson v. Scoggins*, 203 Ga. 540 (2) (47 SE2d 643) (1948); *Davis v. State*, 225 Ga. App. 627 (4) (484 SE2d 655) (1997). Although a verdict on a crime eliminated by the legislature would not have been allowed, *Robinson v. State*, 256 Ga. 564 (350 SE2d 464) (1986), Blackstock proceeded to trial on Count Three of the indictment and was convicted of the lesser offense (armed robbery),[5] which the evidence supports. See generally *Sablon v. State*, 182 Ga. App. 128 (1) (355 SE2d 88) (1987). Accordingly, Blackstock's enumeration presents no reversible error.

5. Finally, Blackstock's claim that the trial court erred by failing to charge the jury on OCGA § 24-9-85 (b) is without merit. Blackstock's counsel made no written or oral request for a charge on OCGA

---

conducted before trial.

[4] The trial court admonished the jury that it was "to disregard any statement that that detective made which was a repetition or his own version of what a third party said, in this particular case, Mr. Lynn, or Terry Lynn Coe. The detective made a statement about what Mr. Coe had said and I direct you that you are to disregard that statement. That statement is hearsay and it should not be considered by you in any regard in this matter."

[5] " 'Conviction' is not the verdict; it is the judgment on the verdict or guilty plea. OCGA § 16-1-3 (4); [cit.]." *Leslie v. State*, 211 Ga. App. 871, 872 (440 SE2d 757) (1994).

§ 24-9-85. It is well established that absent a request a trial court does not err by failing to charge the jury on this Code section. *Fugitt v. State*, 256 Ga. 292 (6) (348 SE2d 451) (1986). Moreover, a review of the charge in its entirety, which included instructions on impeachment and the credibility of witnesses, establishes that any error in the court's failure to give a charge based on OCGA § 24-9-85 (b) was harmless. *Evans v. State*, 209 Ga. App. 340 (2) (433 SE2d 426) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1998 —
RECONSIDERATION DENIED NOVEMBER 5, 1998.

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer,* for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.