## S00A0805. HENDERSON v. THE STATE.
## S00A0806. BENJAMIN v. THE STATE.
(532 SE2d 398)

THOMPSON, Justice.

Corey Henderson was convicted of malice murder and aggravated assault and Damon Robi Benjamin was convicted of felony murder and aggravated assault in connection with the death of Vickie Cullen. These appeals followed the denial of motions for new trial brought by both defendants.[1]

1. Viewed in a light to uphold the verdict, we find the following: On the evening of September 1, 1992, six to eight men emerged from two vehicles in front of Vickie Cullen's apartment, and then approached the entrance of the apartment. One of them, Henderson, carried a rifle; another, Benjamin, carried a handgun.

Cullen and her boyfriend, Larry Battle, were in her bedroom. As the men entered Cullen's apartment, they encountered Chenell Elli-

---

[1] The crimes occurred on September 1, 1992. Henderson and Benjamin were jointly indicted on March 22, 1996, and charged with malice murder, felony murder, and three counts of aggravated assault. Trial commenced on January 6, 1998, and the jury returned its verdict on January 12, 1998, finding Henderson guilty on all counts, and Benjamin guilty on all counts except malice murder. Benjamin was sentenced on February 9, 1998; Henderson was sentenced on February 17, 1998. Both defendants were sentenced to life in prison plus two concurrent prison terms for the aggravated assault counts which did not merge with the murder counts. Henderson's timely filed motion for a new trial was denied on March 25, 1999, and Benjamin's timely filed motion for a new trial was denied on November 16, 1999. Henderson filed a notice of appeal on April 12, 1999; Benjamin filed a notice of appeal on December 13, 1999. The appeals were docketed in this Court on February 3, 2000. Henderson's appeal was submitted for a decision on the briefs on March 27, 2000; Benjamin's appeal was orally argued on April 25, 2000.

ott, a friend of Cullen, in the hallway. Benjamin put a gun to Elliott's head. The other men stood at Cullen's bedroom door and asked for "Lip," i.e., Battle, to come out.

Henderson fired the rifle through the bedroom door several times, fatally shooting Cullen in the head. The men then left.

The medical examiner testified that Cullen's wound was inconsistent with the type of wound which would have been inflicted with a handgun.

The evidence was sufficient to enable any rational trier of fact to find beyond a reasonable doubt that Henderson and Benjamin committed the crimes for which they were convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The credibility of the witnesses and the accuracy of their identifications were matters for the jury to determine. *Peppers v. State*, 261 Ga. 338, 341 (7) (404 SE2d 788) (1991).

2. The trial court did not err in permitting Battle to testify that Henderson owned a .357 Magnum and a M-1 carbine and that Benjamin had a 9-millimeter handgun. Neither ownership nor possession of a firearm imputes bad character. OCGA §§ 16-11-129; 16-11-126 (c). *Gomillion v. State*, 236 Ga. App. 14, 16 (3) (512 SE2d 640) (1999). Compare *Moon v. State*, 202 Ga. App. 500, 501 (414 SE2d 721) (1992) (testimony that defendant had a reputation for *carrying and shooting* a gun impermissibly placed defendant's character in issue).

3. The trial court did not abuse its discretion in refusing to grant a severance. Henderson and Benjamin did not present antagonistic defenses. Moreover, inasmuch as there were only two defendants, there was virtually no likelihood that the jury would confuse the evidence or the law, or that the evidence against one defendant would be considered against the other. See *Linares v. State*, 266 Ga. 812, 815 (4) (471 SE2d 208) (1996).

4. Defendants assert that, during closing argument, the prosecutor improperly vouched for the credibility and truthfulness of two witnesses. Because defendants did not interpose a contemporaneous objection to the prosecutor's argument, we will not consider the merits of their assertion. *Metts v. State*, 270 Ga. 481, 484 (4) (511 SE2d 508) (1999).

5. The fact that the jury did not specify which of the aggravated assault counts supported Benjamin's felony murder conviction is of no consequence.[2] The trial court properly merged one of the aggravated assault counts with the felony murder count, and allowed the other aggravated assault counts to stand. See *Thompson v. State*, 263

---

[2] The felony murder count was predicated upon three aggravated assault counts. Each one of these three counts alleged aggravated assault upon a different victim, i.e., Cullen, Battle and Elliott.

Ga. 23, 25 (426 SE2d 895) (1993) (where it is unclear which of two or more felonies is the underlying felony for a felony murder conviction, trial court must merge the most severe).

6. Benjamin asserts his due process rights were violated because the State waited more than four years to indict and arrest him. However, Benjamin did not show that the delay caused actual prejudice to the defense[3] *and* that it was the product of a deliberate action which was designed by the prosecution to gain a tactical advantage. *Wooten v. State*, 262 Ga. 876, 878 (2) (426 SE2d 852) (1993).

7. "Whether to strike a juror for cause lies within the sound discretion of the trial court. [Cit.] Before a juror is to be excused for cause, it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. [Cits.]" *Brady v. State*, 270 Ga. 574, 575 (513 SE2d 199) (1999).

It cannot be said that the trial court abused its discretion in refusing to strike juror Webster for cause. Although the juror stated she "might . . . possibly" have an opinion as to guilt, she did not indicate that that opinion was fixed and definite. She plainly stated that she had not prejudged the case, that she would judge the case on the evidence presented at trial, and that she could be fair and impartial. See *Barnes v. State*, 269 Ga. 345, 351 (7) (496 SE2d 674) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 2000 —
RECONSIDERATION DENIED JULY 27, 2000.

*Elaine T. McGruder,* for appellant (case no. S00A0805).
*Robert H. Citronberg,* for appellant (case no. S00A0806).
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.

---

[3] Benjamin has not demonstrated any prejudice which would not be expected due to the passage of time. After all, the possibility that memories will fade, witnesses will disappear and evidence will be lost are inherent in any extended delay. *State v. Madden*, 242 Ga. 637, 638 (250 SE2d 484) (1978). Moreover, the trial court specifically found that Benjamin's alibi defense was not prejudiced by the delay.