## A00A1431. ETCHINSON v. THE STATE.
(538 SE2d 87)

ANDREWS, Presiding Judge.

Antonio Etchinson appeals from the judgment entered after a jury found him guilty of cruelty to children and aggravated battery. For the following reasons, we affirm in part and reverse in part.

The evidence at trial showed that police were called to Etchinson's home after his four-month-old daughter was taken to the hospital with severe burns. Etchinson at first claimed the baby was burned accidentally, but he could not demonstrate for the investigators how the scalding water could have accidentally burned the baby. Etchinson later admitted that when the baby would not stop crying, he poured a pot of boiling water on her.

At trial, Etchinson admitted to lying to investigators when they first questioned him. He also said that he lied when he confessed to pouring boiling water on the baby. He claimed that he confessed because he was distraught over the injuries to his child and one of the investigators had told him he would never see his daughter again.

Etchinson then gave a different explanation for the burns. He stated that he left the baby in the bathroom sink and went into the

---

kitchen. When he heard the baby screaming he went back into the bathroom and found her burned from the tap water. He admitted that after she was burned he could not bear to look at her because her skin was coming off; nevertheless, he did not call 911 first, but instead called his wife and then called his boss.

The jury found him guilty of both counts, and the trial court sentenced him to serve 20 years on each count, to run consecutively. This appeal followed.

1. In his first enumeration of error, Etchinson claims the trial court erred in allowing the prosecutor to question his wife about a previous near-drowning incident when the baby was 28 days old. The trial court ruled before the trial started that the State could introduce the near-drowning incident, but the State rested without doing so. When Etchinson's wife testified in his defense, she stated that he had been good with the baby "from day one," was a good father, was "very patient with children," and was "very good with children." Then, on cross-examination, the prosecutor asked her if she remembered an incident in which the baby had nearly drowned while Etchinson was taking care of her.

By bringing the subject up himself, Etchinson opened the door for exploration of his past history with the baby. See *Sheffield v. State*, 184 Ga. App. 141, 142 (361 SE2d 28) (1987). The State is entitled to impeach the defendant or his witnesses by showing the untruth of any statement. See *Burke v. State*, 186 Ga. App. 335, 336 (367 SE2d 118) (1988). There was no error.

2. Etchinson also argues the trial court erred in not merging the counts of cruelty to children and aggravated battery. OCGA § 16-1-7 provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if [o]ne crime is included in the other."

A person commits the offense of cruelty to children in the first degree when that person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain. OCGA § 16-5-70. The section of the aggravated battery statute charged in the indictment provides that a person commits the offense of aggravated battery by maliciously causing bodily harm to another by seriously disfiguring her body. OCGA § 16-5-24. Therefore, the offenses of cruelty to children and aggravated battery are not included offenses as a matter of law because the crimes have different elements. *Harmon v. State*, 208 Ga. App. 271, 275 (430 SE2d 399) (1993). "Nevertheless, the two crimes may be included as a matter of fact when the same or less than all the facts are used to prove both crimes. OCGA § 16-1-6 (1)." Id.

In determining whether a crime is established by proof of the

same or less than all the facts required to establish the commission of another crime, we look to the actual evidence introduced at trial. If the State uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact. *Haynes v. State*, 249 Ga. 119, 120 (288 SE2d 185) (1982).

In this case, there was evidence of only one act of scalding the baby. This act was necessary to prove both the excessive physical pain and the serious disfigurement suffered by the baby. Accordingly, the two counts merge as a matter of fact. *Harmon*, supra at 276. Therefore, the trial court erred in sentencing Etchinson on both counts, and we remand the case to the trial court for action consistent with this opinion.

*Judgment affirmed in part and reversed in part. Ruffin and Ellington, JJ., concur.*

DECIDED AUGUST 2, 2000.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.