## S01A0883. COE v. THE STATE.
(553 SE2d 784)

FLETCHER, Chief Justice.

A jury convicted Terry Lynn Coe of two counts of felony murder, one count of armed robbery, and two counts of aggravated assault, in the stabbing death of Shannon Morris and the assault of Michael Hornsby. The trial court sentenced Coe to two concurrent terms of life imprisonment for the two felony murder counts, followed by twenty years of imprisonment for one of the aggravated assault counts. The armed robbery and the remaining aggravated assault counts merged into the felony murder counts. Because there was only one murder victim, Coe was improperly sentenced twice for the same murder. Accordingly, we remand this case for resentencing on one of the two felony murder counts and affirm Coe's conviction and sentence in all other respects.[1]

1. On November 18, 1995, Coe and two companions, Jason Dove and Christopher Blackstock, were at the Pink Pony, an Atlanta-area strip club. While there, they met Morris and Hornsby and offered to give them a ride. The group of five agreed to purchase methamphetamine from one of Dove, Coe, and Blackstock's acquaintances and drove to Gwinnett County to purchase the drugs, stopping along the way at a gas station. While at the gas station, Dove, Coe, and Blackstock discussed robbing Morris and Hornsby. Dove also pretended to

---

[1] Coe committed his crimes on the evening of November 18, 1995. A grand jury indicted Coe on June 11, 1997. Coe was convicted on June 26, 1997, and the trial court sentenced him that same day. Coe moved for a new trial on July 10, 1997, and he filed an amended motion for new trial on September 7, 2000. The trial court denied Coe's motion for new trial, as amended, on December 7, 2000. Coe filed his notice of appeal on January 3, 2001. Coe's appeal was docketed in this Court on March 12, 2001 and submitted for consideration on May 7, 2001.

call his drug dealer to confirm that the drug dealer wanted to meet Dove, Coe, and Blackstock alone. They then drove to a secluded church parking lot, where Dove, Coe, and Blackstock were going to leave Morris and Hornsby while they went to purchase the drugs.

Once out of the truck, however, Blackstock announced that he was robbing Morris and Hornsby and began stabbing Morris with Dove's knife. After stabbing Morris at least nine times, Blackstock turned and attacked Hornsby. Coe, in the meantime, joined the attack and began hitting and kicking Morris, who lay dying on the ground. Hornsby broke off his fight with Blackstock and began to run away. Coe yelled out that they should kill Hornsby too, and he and Blackstock chased Hornsby, but he got away.

Coe and Blackstock returned to Morris and stripped him of his wallet and leather jacket. They rejoined Dove in the truck, and the three made their escape. As they fled the scene, Blackstock announced that he had "cut [Morris's] guts out." The three drove to a friend's house and washed the blood off of themselves, explaining to their friend that they had hit a deer and become covered in blood while gutting it. They then drove to Coe's house, where Coe explained that he had blood on his clothes from a bar fight. Coe and Blackstock were subsequently arrested, and Dove testified against his companions at their trials.[2]

Coe claims the trial court erred in denying his motion for directed verdict. Taking the evidence in the light most favorable to the jury's verdict of guilty, we conclude that there was sufficient evidence from which a rational trier of fact could have found Coe guilty of felony murder, armed robbery, and aggravated assault.[3] Accordingly, the trial court correctly denied Coe's motion for directed verdict.

2. As the State concedes, however, Coe was improperly sentenced twice for the same crime. The trial court sentenced Coe to life imprisonment for two felony murder convictions,[4] even though there was only one murder victim. Because there was only one murder, the trial court was incorrect in sentencing Coe for both felony murder convictions.[5] Accordingly, we affirm the trial court's sentence on count one (felony murder). The specified underlying felony for that count is armed robbery, and count three (armed robbery) therefore

---

[2] We affirmed Blackstock's convictions for murder, armed robbery, aggravated assault, and possession of a knife during the commission of the aggravated assault and murder in *Blackstock v. State*, 270 Ga. 117 (506 SE2d 130) (1998).

[3] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] Coe was indicted and convicted on two felony murder counts. Count one was felony murder with the armed robbery of Morris as the underlying felony, and count two was felony murder predicated on the aggravated assault of Morris.

[5] See *Ritter v. State*, 272 Ga. 551, 554 (532 SE2d 692) (2000).

merges into count one. We also affirm the trial court's sentence on count four (aggravated assault against Hornsby). But we remand to the trial court with instructions to vacate the sentence on count two. Once count two is vacated, count five will no longer merge as a matter of law, and the trial court, then, should sentence Coe on count five (aggravated assault on Morris).[6] Thereafter, Coe may appeal his conviction and sentence on count five.

3. Coe's remaining enumerations of error (numbers one, three, five, and six) do not raise reversible error.[7]

(a) In enumeration one, Coe alleges that he is the victim of illegal selective prosecution because the State charged and tried Coe and Blackstock, but did not charge Dove. Coe, however, has failed to show that his prosecution represents an " 'intentional and purposeful discrimination which is deliberately based upon an unjustifiable standard, such as race, religion, or other arbitrary classification.' "[8]

(b) In enumeration three, Coe alleges that the trial court improperly failed to charge the jury on OCGA § 24-9-85 (b), which provides that the jury generally shall disregard the entire testimony of any witness who willfully and knowingly testifies falsely. Coe did not request the trial court to instruct the jury on OCGA § 24-9-85 (b) in writing or orally prior to the trial court's charging the jury.[9] After the trial court charged the jury, Coe requested that the court give the false swearing charge, which the trial court did. We find no harmful error in the trial court's charging the jury on OCGA § 24-9-85 (b) after it completed its initial charge and before the jury retired to deliberate, particularly when that charge was not previously requested by Coe in writing.[10]

Coe also argues that he was unfairly prejudiced by having to approach the trial court, after the court had completed its charge to the jury, and request that the Court instruct on false swearing. We find no harmful error from Coe's requesting the trial court to instruct

---

[6] See, e.g., *Pace v. State*, 274 Ga. 69, 71 (548 SE2d 307) (2001); *Briscoe v. State*, 263 Ga. 310, 310-311 (431 SE2d 375) (1993); *Thompson v. State*, 263 Ga. 23, 25-26 (426 SE2d 895) (1993).

[7] Enumeration two involves the trial court's denying Coe's motion for directed verdict, which the Court addressed in division one, and enumeration four raises the double-sentencing issue that the Court addressed in division two.

[8] *State v. Agan*, 259 Ga. 541, 547-548 (384 SE2d 863) (1989) (quoting *State v. Causey*, 246 Ga. 735, 737 (273 SE2d 6) (1980)); see also *Cain v. State*, 262 Ga. 598, 598-599 (422 SE2d 535) (1992).

[9] The transcript of the charge conference reveals that defense counsel believed that OCGA § 24-9-85 (b) was covered by the pattern charge on conflicts in testimony. In fact, it is not. See Suggested Pattern Jury Instructions, State of Georgia, Vol. II (2d ed.), Criminal Cases, Part 2, Charge F.

[10] See, e.g., *Blackstock*, 270 Ga. at 119-120; *Barner v. State*, 263 Ga. 365, 367 (434 SE2d 484) (1993).

the jury on a charge that he had not previously requested. Coe further contends that the trial court improperly minimized the importance of the false swearing charge by saying, as part of the charge, "[a]nd it's for you to decide whether any witness has come into this courtroom and testified or knowingly sworn falsely. So that's a question for you to decide whether it's even occurred or did not occur." We find no harmful error in the manner in which the trial court charged the jury on OCGA § 24-9-85 (b).

(c) In enumeration five, Coe claims that he was never informed of a deal between the State and Jason Dove, in which Dove testified against Coe in exchange for avoiding prosecution. Coe, however, has presented no evidence of any deal between Dove and the State.[11]

(d) Finally, in enumeration six, Coe alleges that his trial counsel was so ineffective as to deprive Coe of his constitutional right to counsel.[12] Under *Strickland v. Washington*,[13] Coe must show that (1) his trial counsel's performance was deficient and (2) the deficient performance deprived Coe of a fair trial. Coe has not met his burden under *Strickland* to show deficient performance and prejudice arising from the alleged deficiencies.

*Judgment affirmed in part and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 1, 2001.

*Rich & Smith, Randolph G. Rich,* for appellant.

*Daniel J. Porter, District Attorney, Dan W. Mayfield, David K. Keeton, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie G. Philbrick, Assistant Attorney General,* for appellee.

---

[11] See *Childress v. State*, 268 Ga. 386, 388 (489 SE2d 799) (1997).

[12] Coe alleges that his trial counsel was ineffective by (i) having inadequate time to prepare, (ii) failing to show that Dove was never charged, (iii) failing to show the jury that the videotape of Dove's statement to the police was missing thirty minutes (during which Coe alleges the police cut a secret deal with Dove for his testimony), (iv) failing to object to the State's selective prosecution of Coe, (v) failing to file a motion to suppress or object to Coe's videotaped statement, which was taken when Coe was legally intoxicated, and (vi) failing to present evidence that was favorable to Coe.

[13] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).