### S01A1241. McCLELLAN v. THE STATE.
(561 SE2d 82)

BENHAM, Justice.

Appellant Andre Earl McClellan was convicted of three counts of felony murder, as well as their underlying felonies, in connection with the death of his girlfriend's three-year-old son, Timothy, and two counts of cruelty to children in which the victim was the 19-month-old daughter of his girlfriend. He appeals the judgment of conviction entered on the jury's guilty verdicts.[1]

The facts presented in appellant and co-defendant Tangie Alexander's joint trial are summarized in the opinion affirming Alexander's convictions for felony murder and cruelty to children. *Alexander v. State*, 274 Ga. 787 (561 SE2d 64) (2002).

1. McClellan contends the trial court erred in failing to direct verdicts of acquittal on each count in which the jury returned a verdict of guilty. In reviewing a trial court's denial of a defendant's motion for directed verdict of acquittal, an appellate court applies the "sufficiency of the evidence" test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Moore v. State*, 273 Ga. 11 (1) (537 SE2d 334) (2000).

(a) The State presented evidence that both defendants had engaged in physical abuse of the three-year-old victim and that both were in the motel room during the period of time in which the blow that resulted in the child's death was struck. Each defendant gave statements to police and testified at trial that the other had punched the child, and the jury was instructed on the law concerning parties to a crime. A rational trier of fact was authorized to conclude beyond a reasonable doubt that each was guilty of felony murder, with the underlying felony being cruelty to children. *Jackson v. Virginia*, supra. See also *Green v. State*, 266 Ga. 550 (1) (468 SE2d 365) (1996). There was also sufficient evidence to authorize the jury's return of guilty verdicts in the two additional counts charging appellant with the felony murder of Timothy, with the underlying felonies being

---

[1] The crimes occurred on January 14, 2000, and the grand jury returned a true bill of indictment on July 12, 2000. Appellant and his co-defendant, Tangie Alexander, were jointly tried November 13-14, and 16-17, 2000. The jury verdicts were filed November 20, and appellant's sentences were filed on November 28. A notice of appeal was filed on December 13, and the appeal was docketed in this Court on May 14, 2001. The appeal was submitted for decision on the briefs.

aggravated battery (rendering Timothy's liver useless), and child cruelty (causing Timothy excessive physical pain by lacerating his liver). However, appellant may not be sentenced on all three felony murder counts when only one person was killed because such action improperly subjects appellant to multiple convictions and punishments for one crime. OCGA § 16-1-7 (a); *Smith v. State*, 272 Ga. 874 (6) (c) (536 SE2d 514) (2000); *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Accordingly, the case must be remanded to the trial court to exercise its discretion in resentencing appellant.

(b) Since a dissent has been filed, it is necessary to further explain why we are remanding the case to the trial court for resentencing. There are two important reasons why this Court should not usurp the trial court's authority to use its discretion in imposing sentence: (1) there is no ambiguous jury verdict in the case at bar, and (2) our decision in *Coe v. State*, 274 Ga. 265, 266 (2) (553 SE2d 784) (2001), does not require this Court to invade the province traditionally reserved for the trial court.

The dissent is of the opinion that the "rule of lenity" is applicable to the case at bar and sets out the convictions on which the dissent believes sentences are required to be imposed, leaving the trial court without the ability to exercise its discretion in making this determination. However, neither example of the rule cited by the dissent is applicable here. The rule invoked by a plurality of this Court in *Chandler v. State*, 257 Ga. 775 (364 SE2d 273) (1988), citing *Gee v. State*, 225 Ga. 669 (7) (171 SE2d 291) (1969), is that a penal statute providing two possible grades of punishment or penalty for the same offense (i.e., one as a felony and one as a misdemeanor) is uncertain and the defendant is entitled to the lesser of the two penalties contained in the statute. In the case at bar, the felony murder statute provides only felony-grade punishment. OCGA § 16-5-1 (d). In both *Thompson v. State*, 263 Ga. 23 (2) (426 SE2d 895) (1993), and *Briscoe v. State*, 263 Ga. 310 (2) (431 SE2d 375) (1993), also cited by the dissent, the Court was faced with a jury verdict that was ambiguous because the jury did not specify which of two or more felonies served as the predicate felony of the felony murder conviction returned by the jury. See also *Henderson v. State*, 272 Ga. 621 (5) (532 SE2d 398) (2000). "[*I*]*n these circumstances*, [there exists] an ambiguity which must be construed in the defendant's favor. [Cit.]" (Emphasis supplied.) *Thompson v. State*, supra, 263 Ga. at 25. The Court ruled that, in these cases, the felony most severe in terms of punishment was to serve as the predicate felony, leaving the less severe felonies available for imposition of separate sentences. Id.

In the case at bar, we are not faced with an ambiguous jury verdict since the jury very clearly found appellant guilty of three felony murder counts, each of which specified the predicate felony. Where

the indictment charging felony murder specifies one predicate felony, the jury's return of a guilty verdict on that felony murder count is not ambiguous. See *Dennis v. State*, 263 Ga. 257 (2) (430 SE2d 742) (1993). Instead, we are faced with the trial court's imposition of illegal sentences — three sentences for felony murder in a situation where there is but one murder victim. OCGA § 16-1-7 (a); *Smith v. State*, supra, 272 Ga. at 881. This is not an ambiguity in a jury verdict that must be resolved by imposition of a rule of law; rather, it is an error of law which we determine is best resolved by the exercise of the trial court's sentencing discretion, and we remand the case to the trial court in order that the trial court may exercise its discretion in determining on which felony murder conviction sentence is to be imposed.[2] We recognize that we exercised the discretion properly reserved for the trial court in *Coe v. State*, 274 Ga. at 266 (2), when we remanded for resentencing a case similar to the one at bar and gave direction on which counts sentences were to be imposed. In reaching the issue of sentencing in *Coe*, we were simply trying to provide assistance to the trial court in an effort to dispose of the case in an expeditious manner. Our gratuitous effort in that case should not be misconstrued as establishing a policy of appellate sentencing, and we decline to establish such a policy here. To the extent, if any, that *Thompson* can be interpreted as holding to the contrary, it is hereby disavowed and should no longer be followed.

2. Appellant was also convicted of cruelty to a child in the first degree with Alexander's 19-month-old daughter, Sterling, as the victim. First degree cruelty makes it unlawful for a person to maliciously cause a child under age 18 cruel or excessive physical or mental pain. See OCGA § 16-5-70 (b). The State presented evidence that Sterling was placed in protective custody at an emergency children's shelter within hours of her brother's death. A pediatric physician who made a physical examination of Sterling the next day testified that Sterling had marks on her legs consistent with being hit with a luggage pull-strap five-ten times in the last five days. She also had bruises on her thighs, chest, torso, and behind her knees. There was evidence that both appellant and the child's mother had struck the child. The pediatrician stated the blows that left the marks and bruises would have caused the child pain and, while unable to say whether the pain could be described as extreme or excessive, said it

---

[2] McClellan was also separately convicted of the three felonies underlying the three felony murder counts. Upon resentencing, the conviction for the felony underlying the felony murder count for which McClellan is sentenced must be vacated. *Hawkins v. State*, 267 Ga. 124 (2) (475 SE2d 625) (1996). While McClellan may not be sentenced on the other two felony murder guilty verdicts, he may be sentenced on the felonies underlying those felony murder guilty verdicts if they do not merge by law or by fact into the felony murder conviction for which he is sentenced. See *Malcolm v. State*, 263 Ga. at 373.

would result in the child crying. What constitutes cruel or excessive physical pain is for the jury to determine. *Hopkins v. State*, 209 Ga. App. 376 (1) (434 SE2d 74) (1993). Taking into account the age of the child, the extent of her injuries, and the testimony that infliction of the blows that caused the injury would have been painful enough to the child to have caused her to cry, we conclude the evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant caused the child to suffer cruel or excessive pain. See *Sims v. State*, 234 Ga. App. 678 (1) (507 SE2d 845) (1998). See also *Alexander v. State*, supra.

3. Appellant was also convicted of cruelty to a child in the second degree, with Sterling as the victim. The evidence was sufficient to authorize appellant's conviction. Id.

*Judgment affirmed in part and vacated and remanded in part. All the Justices concur, except Fletcher, C. J., Sears, P. J., and Carley, J., who concur in part and dissent in part.*

CARLEY, Justice, concurring in part and dissenting in part.

I concur in all but that portion of Division 1 (a) dealing with the remand to the trial court for the purpose of resentencing McClellan for the felony murder of the three-year-old child. I submit that such disposition is contrary to *Thompson v. State*, 263 Ga. 23, 24 (2) (426 SE2d 895) (1993), which is controlling precedent. Under *Thompson* and its progeny, this Court, not the trial court, must determine which of the convictions and sentences stand and which fall.

The grand jury indicted McClellan on three alternative counts of felony murder and three additional counts which charged him with the underlying felonies independently. Compare *Harris v. State*, 274 Ga. 835 (561 SE2d 73) (2002). Because there was only one homicide victim, McClellan can be sentenced for only one count of murder. Based upon the verdicts, it is uncertain which of the three felonies should serve as the predicate for the murder conviction, because the jury found him guilty on all three counts rather than specifying only one. In addressing this issue, the majority concludes that *Thompson* is distinguishable, because there "the Court was faced with a jury verdict that was ambiguous because the jury did not specify which of two or more felonies served as the predicate felony of the felony murder conviction returned by the jury." That is an erroneous reading of *Thompson*. In that case, we clearly identified

[t]he problem [as] how to determine which of two or more felonies should merge where: (1) *as here*, the jury specifies two or more as underlying a felony murder conviction; *or* (2) where the jury does not specify which are underlying felonies, but the evidence shows, and the jury convicts the

defendant, of two or more felonies which could serve to support a felony murder conviction.

(Emphasis supplied.) *Thompson*, supra at 25 (2). Thus, it was in *both* of "these circumstances, [that] an ambiguity [exists] which must be construed in the defendant's favor. [Cit.]" *Thompson*, supra at 25 (2). On its facts, *Thompson* dealt with the first "circumstance" involving the jury's specification of more than one predicate felony. That is precisely the same ambiguity which exists in this case. While *Thompson* may be overruled, it simply cannot be distinguished notwithstanding the majority's attempt to do so.

Prior to *Thompson*, this Court had "applied a 'chain of circumstances' analysis, to hold that the initial felony which began the 'chain of circumstances' leading to the victim's death merged with the murder conviction. [Cits.]" *Thompson*, supra at 25 (2). However, in *Thompson*, supra at 25 (2), we expressly rejected that analysis because it was "purely speculative in determining what in fact the jury intended as the underlying felony." The unanimous conclusion of this Court was that, in a case such as this, "there is no logical rule to be applied in making a determination regarding the jury's intent. Accordingly, there is, in these circumstances, an ambiguity which must be construed in the defendant's favor. [Cit.]" *Thompson*, supra at 25 (2). The rule which all Justices adopted to resolve that ambiguity was, "where it is unclear which of two or more felonies is the underlying felony for a felony murder conviction, the trial court *must* merge the most severe (in terms of potential punishment)." (Emphasis supplied.) *Thompson v. State*, supra at 25 (2). See also *Coe v. State*, 274 Ga. 265, 266 (2) (553 SE2d 784) (2001); *Briscoe v. State*, 263 Ga. 310 (2) (431 SE2d 375) (1993). The majority holds that *Coe* "should not be misconstrued as establishing a policy of appellate sentencing. . . ." In fact, the only correct construction of *Coe* is that it properly adhered to the policy of appellate correction of sentencing errors established by *Thompson* and consistently followed until today.

It is clear that controlling authority compels us to hold that, "[w]here a jury specifies two or more felonies as underlying the murder conviction, the most severe felony must merge. [Cit.]" *Dunn v. State*, 263 Ga. 343, 344-345 (2) (434 SE2d 60) (1993). Merging the felony with the most severe punishment benefits the accused, because each unmerged offense will support a separate sentence that is less severe than the one underlying and merged into the only remaining felony murder conviction. This requirement of merging the more severe felony is a specific application of the rule of lenity generally recognized in criminal cases. ' " ' "Where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have

the lesser of two penalties administered.' " (Cit.)' [Cit.]" *Chandler v. State*, 257 Ga. 775, 776 (364 SE2d 273) (1988).

Here, the three underlying felonies were two counts of cruelty to children and one count of aggravated battery. Of those offenses, child cruelty is the more severe, as it carries a minimum sentence of five years, whereas the minimum sentence for aggravated battery is three years. OCGA §§ 16-5-24 (h), 16-5-70 (d). Thus, McClellan's felony murder conviction must rest on one of the two cruelty to children counts, whereas that based upon the aggravated battery must be vacated. The separate count charging aggravated battery by rendering the child's liver useless merged, as a matter of fact, into the count charging the offense of cruelty to children by lacerating the victim's liver. See *Etchinson v. State*, 245 Ga. App. 449, 450 (2) (538 SE2d 87) (2000). The aggravated battery evidence was completely "used up" in proving that cruelty to children charge because that crime required additional proof of the age of the victim. However, the separate count charging McClellan with child cruelty by hitting the child about his body does not merge with any other, because it rests on an independent set of facts.

The trial court imposed the mandatory life sentence on the felony murder counts and the maximum 20-year sentence on both of the cruelty to children counts. Thus, the proper disposition of this case under *Thompson* is an affirmance of the life sentence for one count of felony murder in the commission of cruelty to children and the 20-year sentence for one count of child cruelty, with direction that all remaining convictions and sentences be vacated. See *Coe v. State*, supra at 266 (2). Because the sentences for the felony murder counts and the two cruelty to children counts are identical, it is immaterial which of those counts support the convictions and which the trial court vacates.

Notwithstanding the controlling authority discussed above, a majority of this Court today ignores that precedent, and leaves the resentencing of McClellan as a matter for the trial court's discretion. However, that is precisely the type of subjective resolution to the merger problem that we unanimously rejected in *Thompson*. The verdict in this case does not specify one predicate felony for the murder conviction, and reliance upon the trial court's unfettered discretion to determine which felony will serve that purpose is no more objective or logical than the discarded "chain of circumstances" analysis. A trial court's discretion must be circumscribed by applicable legal principles and exercised within appropriate lawful bounds. Certainly, a trial court has discretion to determine the length of the sentence when a defendant is convicted of certain crimes. However, a trial court does not have discretion to pick and choose which offenses will support a conviction and sentence. Traditionally, the merger of

convictions has been considered a question of law, to which an appellate court applies a de novo standard of review. This differs fundamentally from other aspects of sentencing which are within the trial court's discretion, such as the length of the sentence and conditions of any probation. However, today's opinion represents a dramatic shift in treatment of the merger issue, so that it is now a matter within the trial court's subjective discretion and no longer an objective question of law. In my opinion, this judicial recasting of merger from a legal question subject to de novo review into a review of the exercise of discretion by the trial court is ill advised, particularly when the majority fails to state specifically how to determine what constitutes an abuse of the newly-granted discretion.

The majority presumably is motivated by a belief that the trial courts of this state will welcome today's decision investing them with discretion in sentencing. In my opinion, that belief is misplaced. First, all future cases, such as this, in which the trial court enters multiple felony murder convictions for a single homicide will now be subject to a remand for additional resentencing. That will necessitate a new hearing and the entry of an appropriate order. The defendant will have the right to file a new appeal and, consequently, the final disposition of the proceedings will be postponed. Such delay would be completely unnecessary if this Court continued to apply the bright-line rule established in *Thompson*. By following that procedure, the only additional requirement that is ever imposed upon the overworked trial courts of this state is the administrative task of making the judgment of this Court the judgment of the trial court. Moreover, there will be no finality even in a future case wherein the trial court undertakes to exercise the authority granted today. The majority confers discretion, but does not attempt to establish the parameters within which it can be exercised. With no standards, a trial court can never be sure that it has not abused its sentencing discretion until this Court eventually addresses the matter on appeal. In that connection, I submit that an alleged abuse of discretion is surely subject to being raised in each case in which the trial court performs the new task assigned to it today. In my opinion, there is no logical reason to create yet another possible ground for reversal of a trial court, especially a ground as amorphous as the blanket grant of discretion that is conferred by the majority. To the contrary, the concept of judicial economy supports continued adherence to *Thompson* and its progeny, whereby this Court merges the most severe felony and gives direction as to the proper disposition by the trial court. *Coe v. State*, supra.

Most assuredly, the trial courts always have discretion to determine the length of sentences for certain crimes and to decide whether the defendant should serve part or all of that sentence on probation.

However, duly enacted statutes establish clear parameters for the trial court's exercise of that discretion. Today, the majority grants additional discretionary sentencing authority, but does not establish any criteria for its exercise. In my opinion, the rules previously recognized and applied by this Court should continue to provide a valid and objective limitation on the discretionary authority of the trial court to sentence for one felony murder that is supported by multiple predicate felonies. The rules of merger permit only one conviction and sentence for a single crime and all included offenses. The rule of lenity requires that, where more than one felony is specified as the predicate for a felony murder, the most severe felony support the murder conviction. Because the majority fails to apply those principles in this case, I dissent.

I am authorized to state that Chief Justice Fletcher and Presiding Justice Sears join in this opinion.

DECIDED MARCH 11, 2002.

*Schoolcraft & Watkins, Stanley W. Schoolcraft III*, for appellant.
*Robert E. Keller, District Attorney, Jay M. Jackson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.