## S01A1710. HARRIS v. THE STATE.
(561 SE2d 73)

THOMPSON, Justice.

Defendant Reccenta Harris was found guilty of two counts of felony murder in connection with the death of Tracy Bowman, and sentenced to life in prison as to each count.[1] He appeals, asserting the evidence was insufficient to sustain his conviction. We disagree and affirm; however, because Harris could be sentenced as to either count of felony murder, but not both, we vacate and remand for resentencing.

1. Construing the evidence in a light to uphold the verdict,[2] we find the following: Harris and two friends, Smith and Scott, went out for the evening and stopped at a friend's house. When Smith got into an altercation with Bowman, Harris convinced Smith to leave.

Later, the three men were driving around when they saw Bowman and his friend, James Echols, standing on the street. Smith had a gun in the car. Harris got out of the car to talk to Echols; Smith and Scott stayed in the car. Bowman approached Harris and told him to leave. Harris pointed Smith's gun at Bowman;[3] Bowman and Echols started running away. Harris ran after Bowman and fired several shots. Bowman died from a single gunshot wound that entered his back and exited his chest. Harris returned to the car and the three men drove off. Smith stopped to hide his gun in a wooded area.

Smith's car was pulled over later that night; Smith, Scott and Harris were still in the car. The following day, Smith led police to his gun.

We have no hesitation in concluding that the evidence was sufficient to enable any rational trier of fact to find Harris guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). All eyewitnesses identified Harris as the shooter. The credibility of the witnesses was a matter for the jury to determine. *Johnson v. State*, 264 Ga. 456 (4) (448 SE2d 177) (1994).

---

[1] Harris killed Bowman on September 28, 1999. He was indicted on December 16, 1999, and charged with malice murder, two counts of felony murder (predicated on the underlying felonies of aggravated assault and possession of a firearm by a first offender probationer) and possession of a firearm by a first offender probationer. Trial commenced on April 2, 2001, and the jury returned its verdict finding Harris not guilty of malice murder, and guilty on the remaining counts. The trial court merged the firearm possession charge, and sentenced Harris to concurrent life terms on each of the felony murder charges. Harris' timely filed motion for a new trial was denied on June 22, 2001, and Harris filed a notice of appeal on July 23, 2001. The appeal was docketed in this Court on August 14, 2001, and submitted for decision on the briefs on November 19, 2001.

[2] See *Baisden v. State*, 258 Ga. 425 (1) (369 SE2d 762) (1998).

[3] It is unclear whether Harris already had Smith's gun in his waistband or took possession of the gun from Smith after Bowman approached him.

2. The jury found Harris guilty as to two counts of felony murder (one predicated on aggravated assault, the other on possession of a firearm by a first offender probationer) and possession of a firearm by a first offender probationer. The trial court merged the possession of a firearm count with the felony murder counts, and sentenced Harris to two life sentences (concurrent) on the felony murder counts. However, Harris murdered a single victim; he can be sentenced on either count of felony murder, but not both. OCGA § 16-1-7; see *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993) (where defendant is convicted of malice murder and felony murder of single victim, he can be sentenced for either malice or felony murder, but not both). Accordingly, we vacate Harris' sentence and remand this case for resentencing.

*Thompson v. State*, 263 Ga. 23 (426 SE2d 895) (1993), upon which the dissent relies, does not require this Court to specify which of the felony murder counts Harris is to be resentenced on. In that case, the jury failed to specify the underlying felony for a single felony murder count. The problem was in the ambiguity of the jury's verdict – and such an ambiguity must be construed in favor of the defendant. Id. at 25. In this case, on the other hand, the verdict is not ambiguous. However, the sentence is illegal because the trial court imposed two felony murder sentences for the killing of a single victim. Under these circumstances, the trial court is to use its discretion in resentencing Harris.

*Judgment affirmed; sentence vacated and remanded for resentencing. All the Justices concur, except Fletcher, C. J., Sears, P. J., and Carley, J., who concur in part and dissent in part.*

CARLEY, Justice, concurring in part and dissenting in part.

I concur in Division 1 and in the affirmance of Harris' conviction for one count of felony murder. I dissent, however, to Division 2 in which the majority remands this case for resentencing. In my opinion, controlling precedent requires that the determination of which crimes merge is a matter for this Court, rather than the trial court, to resolve.

In *Thompson v. State*, 263 Ga. 23, 25 (2) (426 SE2d 895) (1993), this Court addressed the "problem [of] how to determine which of two or more felonies should merge where . . . *as here, the jury specifies two or more* as underlying a felony murder conviction . . . ." (Emphasis supplied.) As I read the opinion in *Thompson*, its holding unquestionably applies where, as here, the jury specifies more than one underlying felony by returning guilty verdicts on multiple alternative counts of felony murder. That construction of *Thompson* was unanimously endorsed by this Court as recently as *Coe v. State*, 274 Ga. 265, 266 (2) (553 SE2d 784) (2001). Thus, today's opinion consti-

tutes a pronounced change in established law.

In *Thompson*, we rejected "purely speculative" analyses, and concluded that "there is no logical rule to be applied in making a determination regarding the jury's intent. Accordingly, there is, in these circumstances, an ambiguity which must be construed in the defendant's favor. [Cit.]" *Thompson*, supra at 25 (2). To resolve that ambiguity, this Court unanimously held "that where it is unclear which of two or more felonies is the underlying felony for a felony murder conviction, the trial court *must* merge the most severe (in terms of potential punishment)." (Emphasis supplied.) *Thompson*, supra at 25 (2).

Thus, controlling authority establishes that where, as here, "a jury specifies two or more felonies as underlying the murder conviction, the most severe *must* merge. [Cit.]" (Emphasis supplied.) *Dunn v. State*, 263 Ga. 343, 344-345 (2) (434 SE2d 60) (1993). See also *Briscoe v. State*, 263 Ga. 310 (2) (431 SE2d 375) (1993). Generally, application of that principle occurs in a case in which the accused was found guilty on an indictment charging alternative counts of felony murder and multiple independent counts of the underlying felonies. Under such circumstances, construing the ambiguity most favorably for the defendant will result in the murder conviction resting on that felony which carries the most severe punishment. See *Coe v. State*, supra at 266 (2); *Briscoe v. State*, supra; *Thompson v. State*, supra. If the less severe felony merged, the accused would receive a separate longer sentence for the more serious unmerged crime alleged in the independent count of the indictment. By merging the most severe felony into the murder conviction, however, he only receives a separate shorter sentence for the less serious unmerged independent offense. See *McClellan v. State*, 274 Ga. 819 (561 SE2d 82) (2002) (Carley, J., dissenting).

However, in this case, Harris was charged with one count of felony murder in the commission of an aggravated assault, an alternative count of felony murder while in possession of a firearm as a first offender probationer, and an independent count for possession of the weapon. Since there was no count separately charging aggravated assault, there is no independent count for that offense which can survive a merger of the convictions and support a separate sentence. Aggravated assault is the more severe of the two predicate felonies, but a merger of that offense into the extant felony murder charge would result in the imposition of a separate sentence on the independent count for possessing the gun. Under the circumstances, a more beneficial sentencing option is for the possession of the firearm count to merge into the murder conviction and to impose a single life sentence on the murder count predicated on that felony. Accordingly, that is the sentence which Harris must receive. The trial court cor-

rectly merged the firearm possession charge, but erroneously imposed two life sentences on the felony murder counts. Because the ambiguity must be construed in Harris' favor, the proper disposition of this case is to vacate the life sentence for the felony murder count predicated upon his commission of an aggravated assault.

The majority simply remands for the trial court to exercise its discretion in resentencing Harris. However, *Thompson* and its progeny provide that the convictions "must" merge so as to impose the least severe punishment. Thus, that controlling authority establishes that the trial court has no discretion as to which of several felonies will support a single felony murder conviction. The law requires that the accused receive the most beneficial sentencing allowable under the allegations of the indictment and the guilty verdicts returned by the jury.

The majority does not present any justification for its failure to follow *Thompson*. I certainly agree that discretion plays a valid part in sentencing, in that a trial court can determine the length of time which must be served and whether the defendant should serve any portion of the term on probation. However, that discretionary sentencing authority must be exercised within well-established limits. The majority's grant of unfettered discretion to merge predicate felonies in a felony murder case is unprecedented. Previously, the merger of felony convictions was considered a question of law, which this Court reviewed under a de novo standard. That is a completely objective inquiry which differs significantly from those subjective sentencing issues traditionally recognized as within the trial court's discretion, such as length of the sentence and the conditions of probation, and subject to appellate review under an abuse of discretion standard. In this case, however, the majority rejects the traditional treatment of merger and adopts the diametrically opposite analysis, so that the merger of predicate felonies must now be considered a matter for the trial court's discretion rather than a question of law. I believe that this change in the treatment of the merger issue is unwise, particularly since it is not accompanied by any specific guidelines for the exercise of the newly-granted discretion. Today's opinion certainly does not redound to the benefit of trial courts. To the contrary, the only result of today's decision will be delay occasioned by the need to conduct further proceedings below, confusion over how to apply the undelineated new discretionary standard, and recognition of yet another basis for the accused to urge reversible error on appeal. See *McClellan v. State*, supra (Carley, J., dissenting). All of these undesirable consequences could be avoided simply by adhering to *Thompson*. If we continue to apply that principle on appeal, all that remains to be done is for the judgment of this Court to be made the judgment of the trial court. Because the majority

opinion runs counter to the rule established in *Thompson* and incorrectly requires future action by the trial court, I dissent.

I am authorized to state that Chief Justice Fletcher and Presiding Justice Sears join in this opinion.

DECIDED MARCH 11, 2002.

*J. Louise Dietzen*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jeanne M. Canavan, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.