## A99A2242. VASQUEZ v. THE STATE.
(527 SE2d 235)

ELDRIDGE, Judge.

Defendant Augustin Herrea Vasquez challenges his September 1998 conviction on one count of child molestation.[1] We affirm.

1. In his first assertion of error, Vasquez contends that the evi-

---

[1] Under OCGA § 16-6-4 (a), a "person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

dence was insufficient to support the conviction. However, on appeal, "the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility." (Citations omitted.) *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

In this case, the evidence presented included, inter alia, the testimony of the victim, who testified that Vasquez forced her to have sexual intercourse with him in 1994, when she was younger than 14.[2] The victim testified that Vasquez threatened to harm her if she told anyone about the abuse. A caseworker from the Department of Family & Children Services and a mental health therapist also testified about their interviews with the victim, during which she recounted Vasquez's molestation. The therapist testified that the victim was very "isolated, unable to communicate, very tearful in talking about any issues relative to molestation or sexual abuse." In addition to this testimony, the State presented evidence of two similar transactions in which Vasquez had sexual intercourse with children younger than age fourteen. See Division 3, infra. After reviewing the entire record, this Court finds that the evidence was sufficient for a rational factfinder to find Vasquez guilty beyond a reasonable doubt of child molestation. *Jackson v. Virginia*, supra.

2. In his second assertion of error, Vasquez claims that the trial court erred in allowing the therapist to testify as an expert witness. Vasquez challenged the therapist's credentials at trial and reiterates the challenge on appeal.

> This Court has repeatedly held that it is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular profession as to entitle him to be deemed prima facie an expert. To qualify as an expert, generally all that is required is that a person be knowledgeable in a particular matter; his special knowledge may be derived from experience as well as study, and formal education in the subject is not a requisite for expert status.

(Citations and punctuation omitted.) *Wingfield v. State*, 229 Ga. App. 75, 84 (6) (493 SE2d 235) (1997).

In this case, the therapist testified about his education and expe-

---

[2] Prior to 1995, OCGA § 16-6-4 (a) prohibited immoral or indecent acts to or in the presence of children under 14 years of age. Ga. L. 1995, p. 957, § 4.

rience, his current employment as clinical director of a facility for abused children, and his six interview sessions with the victim. He was subject to cross-examination by defense counsel. The trial court made specific findings of fact as to the therapist's qualifications. Such findings were supported by the evidence presented. There was no abuse of discretion.

3. Vasquez's challenge to the introduction of evidence of two similar transactions is without merit. The State gave proper notice of its intention to present such evidence, and a hearing was conducted. See Uniform Superior Court Rule 31.3; see also *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). The trial court ruled that both of the proffered similar transactions were admissible.

At trial, the trial court instructed the jury to consider such evidence only to the extent that it demonstrates specific, permissible purposes, i.e., state of mind and identity. See *Williams*, supra at 642, n. 2. Both victims testified and specifically identified Vasquez as the perpetrator of the crimes against them. The victim of the first similar transaction, S. L., testified that she was eight or nine years old in 1989, when Vasquez forced her to have sexual intercourse with him and to perform oral sex on him. The second similar transaction victim to testify, T. F., is the sister of the victim in this case. T. F. testified that Vasquez forced her to have sexual intercourse with him when she was between ten and thirteen years old. According to T. F., Vasquez threatened to kill her and her mother if she did not have sex with him. The State introduced into evidence that Vasquez entered a 1993 *Alford*[3] plea to this child molestation charge and was sentenced to a period of probation. See Division 4, infra.

As such, both transactions met the *Williams* criteria for admissibility. There was no error.

4. In his final assertion of error, Vasquez contends that the trial court erred in refusing to allow a local criminal defense attorney to testify regarding the process a defense attorney goes through in entering an *Alford* plea. The trial court refused to allow the witness to testify regarding the law as it relates to such plea. Instead, the trial court agreed to give a jury instruction explaining an *Alford* plea. The trial court suggested that defense counsel submit a proposed jury instruction on an *Alford* plea. When defense counsel did not propose such instruction, the trial court suggested one. At that time, defense counsel suggested the insertion of a single phrase, and the trial court agreed to amend the instruction.[4] During closing argu-

---

[3] *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[4] In relevant part, the instruction read as follows:
Insofar as a case where a person enters a plea of guilty in his best interest a Court may accept a guilty plea even if the defendant insists that he or she is innocent.

ments, defense counsel explained to the jury the alleged reasons why Vasquez entered his *Alford* plea to the 1993 child molestation charge. The trial court then thoroughly instructed the jury on the legal significance of an *Alford* plea. Defense counsel did not object to the instruction as given.

Under the circumstances, as defense counsel failed to propose an instruction, then failed to object to the jury charge, he cannot complain on appeal that the jury should have been better informed regarding the significance of such plea. As the trial court noted in its denial of Vasquez's motion for new trial, "[c]ounsel cannot sit by and permit some matter they could correct by timely action and later claim error." (Citation and punctuation omitted.) *Kitchen v. State*, 263 Ga. 629, 630 (1) (436 SE2d 645) (1993).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 15, 1999.

*Kathy S. Palmer*, for appellant.

*Richard A. Malone, District Attorney, Samuel H. Altman, Assistant District Attorney*, for appellee.

---

However, in doing so a Court receiving a guilty plea in all cases must protect the innocent. The Court must insure that a guilty plea is a product of a full, free, and intelligent choice. A plea of guilty with a claim of innocence known as a plea of guilty in one's best interest should not be accepted unless there is a factual basis for the plea. A judge taking a plea of guilty in one's best interest must inquire into and resolve the conflict between the waiver of trial on the charges and the claim of innocence. Upon the Court's acceptance of the plea of guilty in one's best interest, the judgment of the court finding the defendant guilty is an adjudication of guilt of the crime charged.

See also *Brower v. State*, 230 Ga. App. 125 (495 SE2d 600) (1998).