A03A0492. SMITH v. THE STATE.
(581 SE2d 713)

MIKELL, Judge.

After a jury trial, William David Smith was convicted of cruelty to children and sentenced to ten years to serve in confinement and ten years on probation. On appeal, Smith argues that the trial court

---

erred when it denied his motion for directed verdict and failed to give his request to charge the jury on the lesser included offense of simple battery. We affirm.

"The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction."[1] "[W]e must determine whether, after viewing the evidence in the light most favorable to support the verdict, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt."[2] We do not weigh the evidence or assess witness credibility, and the appellant is no longer presumed innocent.[3]

The evidence shows that on the evening of October 5, 1999, Smith was home alone with his 12-month-old son, after the child's mother, Brandi Miller Smith, left with her brother at approximately 11:00 p.m.[4] Mrs. Smith testified that when she left the house, the baby was playing on the floor and was not injured in any way. When she returned approximately an hour later, however, the baby was sitting on Smith's lap and had a small cut on his right eye, an injury to his forehead, and one of his ears was bruised. Smith told her that the baby had fallen and hit the coffee table, the dog's spiked collar, and the floor.

Mrs. Smith took several pictures of the baby on October 7, 1999, which showed injuries to the baby's right eye, forehead, his ears, and both sides of his head. On the next morning, Mrs. Smith took the baby to the emergency room because his head had begun to swell and his injuries had worsened. Dr. Jeff Holley treated the baby in the Donalsonville Hospital emergency room on October 8, 1999.

Dr. Holley testified that upon presentation, the baby had bruises on his chest and back on both sides and to his left eye, left forehead, and both ears. Dr. Holley ordered x-rays, which showed a four and one-half centimeter left parietal bone fracture to the baby's skull. Dr. Holley also ordered lab tests, which ruled out the possibility that the bruising was caused by a blood disorder. He contacted the Department of Family and Children Services ("DFACS") because the baby's multiple injuries were not consistent with Mrs. Smith's story that he sustained the injuries in a fall. Based on his examination of the baby, Dr. Holley opined that the child had been abused.

Dr. Lois Curry, a radiologist, opined that the blow to the baby's skull had occurred within the ten days prior to the emergency room

---

[1] (Citation and punctuation omitted.) *Sharpe v. State*, 213 Ga. App. 280, 282 (1) (444 SE2d 600) (1994).

[2] (Footnote omitted.) *Reece v. State*, 241 Ga. App. 809 (527 SE2d 642) (2000).

[3] *Vasquez v. State*, 241 Ga. App. 512, 513 (1) (527 SE2d 235) (1999).

[4] Brandi Smith married appellant Smith two months before his trial began.

visit. Dr. Anthony Clark, a forensic pathologist with the Georgia Bureau of Investigation ("GBI"), testified that the child's right upper eyelid was bruised; that he sustained a pattern injury to his right forehead area which would have resulted from a hard slap mark; that the injuries to his eyelid and right forehead area were not caused by the same blow; that he suffered another pattern of injuries to his left ear that resulted from a very forceful slap-type injury, leaving the ear "pretty well bruised" and swollen and bruising his left cheek; and that swelling of a significant injury usually peaks 48 to 72 hours after the injury. Dr. Clark opined that the baby's injuries resulted from child abuse, though he could not rule out that some of the trauma was accidental.

GBI Agent Mike Walsingham investigated the incident. Agent Walsingham testified that he first interviewed Smith on October 20, 1999, at the DFACS office in Seminole County. Smith told him that while he was feeding the baby, the baby was standing and jumping on their dog and when the dog moved, the baby fell and hit his head on the coffee table, injuring his right eye. Agent Walsingham interviewed Smith again two weeks later at the Seminole County Sheriff's Office. He read Smith his *Miranda* warnings, and Smith signed the waiver of rights form. Smith gave a statement, which Agent Walsingham wrote down and Smith signed.

Smith confessed that on the evening in question,

[the child] was playing with the dog and hit the table. He hit his right eye on the table or on the dog's spiked collar. [The child's] eye started to turn blue and it looked like a hole on top of his eye. He was bleeding and started crying. . . . He kept crying and I slapped [the child] with my left hand and hit him on the right side of his head. [The child] fell to the floor and hit his head on the floor. He hit the left side on the floor pretty hard. . . . He kept crying. He tried to push away from me with his arms. I took him into the bedroom and put him in his crib. He just kept crying and crying. He started to sit up. And that's when I backhanded him. I hit him with the back side of my hand on the left side of his head. The right side of his head hit the crib pretty hard. When he hit his head, he fell back and his eyes got so big. He kept trying to get up, so I put my hand over his forehead to hold him down. . . . I was crying and holding [the child] when Brandi came home.

Smith recanted his confession when he testified at trial, stating that he simply agreed with everything that Agent Walsingham wrote down because he was trying to protect his wife. He testified that he

did not hit the child and that the child's injuries were caused by his fall.

1. Smith was charged with violating OCGA § 16-5-70 (b), which provides that "[a]ny person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." "[T]he determination of what is cruel or excessive physical or mental pain is to be made by the jury."[5] Considering the age of the child, the extent of his injuries, and the testimony that the blows were severe enough to make the child cry, we conclude that the evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that Smith was guilty of first degree cruelty to children.[6]

2. Smith next argues that the trial court erred by refusing to charge the jury on the lesser included offense of simple battery. We disagree.

We held in *Allen v. State*[7] that the trial court is not required to charge the jury on a lesser included offense if the evidence shows the completed offense, as charged, or no offense.[8] In that case, the trial court refused to charge on battery as a lesser included offense where the defendant testified that the child was accidentally injured. Finding no error in the trial court's refusal to so charge, we stated, "[i]f it was an accident, no battery was committed."[9] A similar result is warranted here where Smith denies that he ever struck the child and claims that the child's injuries were caused when he fell.[10] The evidence shows that Smith maliciously struck the child in the head twice, causing numerous bruises and a fractured skull.[11] Therefore, the trial court's refusal to charge on simple battery was not erroneous.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED MAY 2, 2003.

*William D. Hall*, for appellant.

---

[5] *Hopkins v. State*, 209 Ga. App. 376, 377 (1) (434 SE2d 74) (1993).
[6] See *McClellan v. State*, 274 Ga. 819, 821-822 (2) (561 SE2d 82) (2002) (conviction for cruelty to children affirmed where 19-month-old had bruises on her thighs, chest, torso, and behind her knees and blows were severe enough to cause the child to cry).
[7] 247 Ga. App. 10 (543 SE2d 45) (2000).
[8] Id. at 17 (4) (b).
[9] Id.
[10] We note that the trial court fully charged the jury on accident.
[11] See also *Howell v. State*, 180 Ga. App. 749, 750 (2) (350 SE2d 473) (1986) (failure to charge on simple battery was not erroneous where evidence showed completion of greater offense).

· *Charles M. Ferguson, District Attorney, Thomas C. Earnest, Assistant District Attorney*, for appellee.