A05A1745. AMIS v. THE STATE.
(626 SE2d 192)

MIKELL, Judge.

In this case involving domestic violence, a Henry County jury convicted Orlando D. Amis of simple battery (high and aggravated) and three counts of cruelty to children in the third degree, and acquitted him of battery, interference with calls for emergency assistance, and a separate count of simple battery. Amis filed a motion in

---

arrest of judgment, which the trial court denied. On appeal, Amis challenges his convictions on the cruelty to children charges on the ground that they are inconsistent with his acquittal on the battery charge. He also argues that the trial court's instructions to the jury on the cruelty to children offenses were erroneous. We affirm.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence."[1] We do not weigh the evidence or assess witness credibility, and the appellant is no longer presumed innocent.[2] We determine whether the evidence is sufficient under *Jackson v. Virginia*[3] and must uphold the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4] So viewed, the evidence shows that on August 29, 2004, Neni Harris told Officer Gerald S. Mitchell of the Henry County Police Department that Amis, with whom she lived along with three children under the age of 18, punched her in the nose and eye, dragged her by her hair, and pulled the telephone cord from the wall when she attempted to call 911. Mitchell testified that he observed a red mark under Harris's right eye and that when he talked to Harris, she was scared, upset, and emotional and wanted to get away from Amis. Harris testified that she told Mitchell that the children witnessed the altercation between her and Amis. Harris wrote and signed a statement attesting to these facts.

At trial, Harris recanted her story. She testified that she made a false report to the police because Amis had called her a "bitch" and that Amis had not injured her at all. Harris also testified that she made another false allegation of abuse against Amis in June 2001, which case was dropped because she changed her testimony.

As a result of the August 2004 incident, an accusation was filed against Amis, charging him with battery (OCGA § 16-5-23.1), interference with calls for emergency assistance (OCGA § 16-10-24.3), two counts of simple battery (OCGA § 16-5-23), and three counts of cruelty to children in the third degree (OCGA § 16-5-70). Amis was convicted only of the count of simple battery that alleged he struck Harris "about the head," and of the three counts of cruelty to children, which alleged that each of Harris's three children, respectively, witnessed an act of family violence battery.

1. In two related enumerations of error, Amis complains that the verdict was inconsistent. Specifically, he contends that the evidence

---

[1] (Punctuation and footnote omitted.) *Dean v. State*, 252 Ga. App. 204 (555 SE2d 868) (2001).

[2] *Vasquez v. State*, 241 Ga. App. 512, 513 (1) (527 SE2d 235) (1999).

[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Green v. State*, 249 Ga. App. 546, 548-549 (1) (547 SE2d 569) (2001).

was insufficient to convict him of cruelty to children in the third degree because there was no evidence that the children witnessed the commission of a forcible felony, battery, or family violence battery, which fact he maintains was established by his acquittal of the underlying offense of battery. We find no error.

Pursuant to OCGA § 16-5-70 (d), a conviction for cruelty to children in the third degree is predicated on the commission of a forcible felony, battery, or family violence battery. Amis was acquitted of family violence battery. Nonetheless, we cannot reverse his convictions due to the inconsistency of the verdict.

> Georgia does not recognize an inconsistent verdict rule, which would permit a defendant to challenge the factual findings underlying a guilty verdict on one count as inconsistent with the findings underlying a not guilty verdict on a different count. A conviction on one count and acquittal on another related count may reflect a compromise or lenity by the jury rather than inconsistent factual conclusions, and Georgia courts generally will not look behind the jury's decision to convict on certain counts and acquit on other counts.[5]

The reason therefor is that as an appellate court, we "cannot know and should not speculate why a jury acquitted on the predicate offense and convicted on the compound offense. The reason could be an error by the jury in its consideration or it could be mistake, compromise, or lenity."[6] Nonetheless, "as a matter of prudence, the conviction on the compound offense should be upheld so long as the evidence will support it."[7] The jury was authorized to believe Mitchell's testimony that he witnessed a mark on Harris that was caused by an altercation between her and Amis that occurred in the presence of her children. Additionally, Harris's prior inconsistent statement was admissible as substantive evidence of Amis's guilt.[8] Accordingly, the evidence supported the verdict.

2. Finally, Amis argues that the trial court erroneously instructed the jury on cruelty to children in the third degree because a

---

[5] (Footnote omitted.) *Mullady v. State*, 270 Ga. App. 444, 447 (2) (606 SE2d 645) (2004), citing *Hines v. State*, 276 Ga. 491, 492 (2) (578 SE2d 868) (2003). See also *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986) (abolished inconsistent verdict rule in criminal cases).

[6] *Williams v. State*, 270 Ga. App. 424, 426-427 (2) (606 SE2d 871) (2004), quoting *King v. Waters*, 278 Ga. 122, 123 (1) (598 SE2d 476) (2004).

[7] (Footnote omitted.) Id. at 427 (2).

[8] *Oldwine v. State*, 184 Ga. App. 173, 174 (1) (360 SE2d 915) (1987).

proper charge would have required the jury to find that Amis committed a forcible felony, battery, or family violence battery. We disagree.

Amis refers us to the portion of the trial court's charge pertaining to the sixth count of the indictment (cruelty to children in the third degree as to M. A.) wherein the trial court stated, in pertinent part, "if . . . you . . . believe beyond a reasonable doubt that the defendant . . . commit[ted] the offense of cruelty to children in the third degree by intentionally committing a family violence battery and allowing [M. A.] to witness it, then you would be authorized to find the defendant guilty." Amis failed to object to the charge or reserve objections at the conclusion of the jury instructions. "Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge."[9] Therefore, Amis has waived the right to contest the charge on appeal. Nonetheless, we must point out that Amis's argument here again misses the mark as to Georgia's rule allowing inconsistent verdicts, as discussed in Division 1. Accordingly, this enumeration of error fails.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 13, 2006.

*Lister & Holt, Timika L. Woods*, for appellant.
*Charles A. Spahos, Solicitor-General, Leonard M. Geldon, Assistant Solicitor-General*, for appellee.

---

[9] (Citation, punctuation and footnote omitted.) *Courrier v. State*, 270 Ga. App. 622, 625 (2) (607 SE2d 221) (2004).