A07A2018. THE STATE v. BRADY.
(653 SE2d 72)

BLACKBURN, Presiding Judge.

The State appeals from the dismissal of its indictment against Thomas Brady for rape,[1] incest,[2] aggravated child molestation,[3] and child molestation,[4] contending that the trial court erred in ruling that the State improperly failed to preserve lab samples taken from the victim at a public hospital. We agree and reverse.

The undisputed record shows that on April 4, 2005, Brady's then four-year-old sister, A. M., was evaluated at Hughes Spalding children's hospital for persistent coughing, a vaginal rash, and painful urination. During that visit, the hospital prescribed a course of amoxicillin and took a vaginal swab, which later tested positive for neisseria gonorrhoeae, a sexually transmitted disease. On April 8, 2005, after receiving the positive test result, the hospital called A. M. back to the clinic and performed additional testing, which was negative for gonorrhoeae. A. M. was also treated for gonorrhoeae, and further tests for sexually transmitted diseases were also negative.

Based on the positive test result, all of the male members of A. M.'s household were tested for sexually transmitted diseases, and all tested negative with the exception of Brady, who left the testing clinic before he could be tested. On April 27, 2005, Brady did report for testing, and, on May 2, 2005, the lab results for Brady's specimens were positive for both chlamydia trachomatis and neisseria gonorrhoeae.

During forensic interviews, A. M. identified various male members of her household as having abused her; later, A. M. told the interviewer that Brady was the abuser and that her mother had told her to accuse the other members. She described the abuse by Brady in detail using anatomic dolls.

The case was originally indicted on May 31, 2005; Brady was re-indicted on May 12, 2006. It is undisputed that the positive test

[1] OCGA § 16-6-1 (a) (2).
[2] OCGA § 16-6-22 (a) (3).
[3] OCGA § 16-6-4 (c).
[4] OCGA § 16-6-4 (a).

sample taken from A. M. was destroyed by Hughes Spalding (or its lab) in accordance with the hospital's standard operating procedures, and that the sample was destroyed before Brady was indicted. Brady moved to dismiss the indictment based on the destruction of the original sample taken from A. M., and, following a hearing, the trial court dismissed the indictment, giving rise to this appeal.

"In dealing with the failure of the state to preserve evidence which might have exonerated the defendant, a court must determine *both* whether the evidence was material *and whether the police acted in bad faith* in failing to preserve the evidence." (Emphasis supplied.) *Hannah v. State.*[5] "Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." (Punctuation omitted.) *Milton v. State.*[6] Here, A. M. initially sought medical attention for an infection. The lab samples were obtained by a hospital, in a clinical setting, without prior suspicion of criminal activity. Neither the police, nor the prosecutor, nor a State investigatory laboratory (such as the Georgia Bureau of Investigation lab) had any involvement whatsoever in the initial testing of the lab samples. Compare *Swanson v. State*[7] (affirming conviction in light of lack of bad faith on the part of the State crime lab). The hospital's lab disposed of the sample in accordance with its standard operating procedure. Accordingly, there is no evidence of bad faith on the part of the State or police in connection with the destruction of the initial vaginal sample from A. M.

However, relying on *State v. Blackwell,*[8] the trial court ruled, and Brady now asserts, that bad faith need not be shown here. In *Blackwell,* a DUI case, this Court held that bad faith on the part of the State need not be shown where (i) a urine sample, the only evidence of intoxication, was destroyed at the State crime lab after the trial court had ordered the State to preserve the evidence, and (ii) the destroyed evidence had obvious and inherent exculpatory value because the *same sample* had field tested negative for alcohol (a subsequent lab test was positive).[9] Id. at 138-141 (2) (b)-(c).

The case before us differs from *Blackwell.* Here, as opposed to *Blackwell,* there was no negative test result of the original sample from A. M. Moreover, in light of the forensic interviews, the test result was not the only evidence of Brady's guilt. While a later sample, taken

---

[5] *Hannah v. State,* 278 Ga. 195, 197-198 (3) (599 SE2d 177) (2004).

[6] *Milton v. State,* 232 Ga. App. 672, 679 (6) (503 SE2d 566) (1998).

[7] *Swanson v. State,* 248 Ga. App. 551, 551-552 (1) (a) (545 SE2d 713) (2001).

[8] *State v. Blackwell,* 245 Ga. App. 135 (537 SE2d 457) (2000).

[9] Notably, in *Blackwell,* this Court also found that the evidence was destroyed due to bad faith.

after the child had received antibiotic medication for three days, was negative, this does not change the reality that retesting the original sample was only "potentially" useful. Retesting the original sample may have either confirmed the initial positive finding, or demonstrated a "false positive." The trial court's own order stated that additional testing had value because it "*could have* revealed exculpatory evidence." (Emphasis supplied.) Therefore, as the value to Brady was that the sample was only *potentially* exculpatory, we are not authorized to ignore our Supreme Court's holding in *Hannah v. State* that Brady must show bad faith on the part of the State. See, e.g., *Swanson*, supra, 248 Ga. App. at 551 (1) (a) ("[i]n order to prevail upon a claim that his due process rights under the Fourteenth Amendment to the U. S. Constitution were violated by the destruction of *potentially useful evidence*, [the defendant] must show bad faith") (punctuation and footnote omitted; emphasis supplied); *Dixon v. State*.[10]

In light of the court's error in ruling that bad faith need not be shown to warrant the dismissal of Brady's indictment, and in light of the lack of any evidence of bad faith in this case, we must reverse.

*Judgment reversed. Ruffin and Bernes, JJ., concur.*

<br>

DECIDED SEPTEMBER 24, 2007.

<br>

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellant.

*LaRonda R. Martin, Stephen R. Scarborough*, for appellee.

---

[10] *Dixon v. State*, 275 Ga. 232, 233 (4) (564 SE2d 198) (2002).