A08A0389. McCULLORS v. THE STATE.
(662 SE2d 197)

PHIPPS, Judge.

On appeal from his conviction for aggravated assault and other crimes, Tony Ray McCullors argues that the evidence was insuffi-

---

cient and that the trial court erred when it permitted testimony concerning prior difficulties and when it refused to charge the jury on pointing a pistol at another.[1] We affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence.[2] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[3]

So viewed, the record shows that McCullors pled guilty in September 2004 to stalking and assaulting his girlfriend, T. J. In mid-2005, T. J. ended their relationship. On August 25, 2005, T. J. was asleep in her mother's house when she woke up to a punch in the face. She then saw McCullors running out the front door.

On September 3, T. J. was leaving a motel with her two children, two friends, and three other children when McCullors came from behind the motel, approached her from behind, put a gun to her head, and told her that "when he didn't care about his kids anymore[,] he was going to kill her." At trial, McCullors admitted that he had approached T. J. at the motel and had argued with her there, and that he had been under a court order to stay away from her at the time.

A jury found McCullors guilty of one count each of aggravated assault and terroristic threats as well as five counts of third-degree cruelty to a child. After merging the aggravated assault and terroristic threats charges, the trial court sentenced McCullors to fourteen years with seven to serve. His motion for new trial was denied.

1. The evidence outlined above was sufficient to sustain McCullors's conviction.[4]

2. McCullors contends that the trial court erred when it permitted testimony concerning the August 25 attack.

> Unlike similar transactions, prior difficulties do not implicate independent acts or occurrences, but are connected acts or occurrences arising from the relationship between the same people involved in the prosecution. . . . [T]he

---

[1] See OCGA § 16-11-102.

[2] *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

[3] Id.; *Jackson v. Virginia*, 443 U. S. 307, 320 (99 SC 2781, 61 LE2d 560) (1979).

[4] See OCGA §§ 16-5-21 (a) (2) (defining aggravated assault as assault with a deadly weapon); 16-5-70 (d) (2) (defining third-degree cruelty to children as the commission of "a forcible felony, battery, or family violence battery" when "a child under the age of 18 is present and sees or hears the act"); *Amis v. State*, 277 Ga. App. 223, 225 (1) (626 SE2d 192) (2006) (evidence that a child saw a mark on his mother caused by the defendant in the presence of the child sufficed to sustain a conviction for third-degree cruelty to children).

admissibility of evidence of prior difficulties does not depend upon a showing of similarity to the crime for which the accused is being tried.[5]

Evidence regarding the August 25 attack was admissible to show prior difficulties between McCullors and T. J. because it was relevant to McCullors's "motive, intent, and bent of mind in committing the act . . . result[ing] in the charges for which [he] is being prosecuted."[6] Neither a showing of similarity between the August 25 and September 3 incidents nor notice of the state's intent to introduce evidence of the former incident was required.[7]

3. At trial, McCullors failed to submit a written request for a charge on the offense of pointing a pistol at another. He has thus waived any objection to the trial court's failure to so charge.[8]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED MAY 2, 2008.

*Agis R. Bray III*, for appellant.
*Kenneth B. Hodges III*, District Attorney, *Shelly D. Faulk, Assistant District Attorney*, for appellee.

---

[5] *Dixon v. State*, 275 Ga. 232, 232-233 (2) (564 SE2d 198) (2002) (citation and punctuation omitted).

[6] Id. at 233 (2).

[7] Id. (no showing of similarity required); *Camphor v. State*, 272 Ga. 408, 411 (4) (529 SE2d 121) (2000) ("Prior difficulties are not subject to the notice requirements of USCR 31 [concerning similar transactions].").

[8] See *Hawkins v. State*, 267 Ga. 124, 125 (3) (475 SE2d 625) (1996).